**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF |
| v. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, | |
| Defendant. | |

The Plaintiff, State of Washington, by and through its attorneys Robert W. Ferguson, Attorney General, and Benjamin J. Roesch, Assistant Attorney General, brings this action against the defendant named below.  The State alleges the following on information and belief:

## I.     PLAINTIFF

1.1     The Plaintiff is the State of Washington.

1.2     The Attorney General is authorized to commence this action pursuant to RCW 19.86.080 and RCW 19.86.140.

## II.     DEFENDANT

2.1     Defendant Quality Loan Service Corporation of Washington ("QLS"), is a for-profit business registered in Washington state.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

2.2     Quality Loan Services serves as a foreclosing trustee, conducting all aspects of non-judicial foreclosures for various entities throughout the State of Washington.  Non-judicial foreclosures, also known as Trustee Sales, must be conducted in accordance with the Deed of Trust Act, RCW 61.24 *et al*, and the terms of the mortgage transaction documents.

2.3     Foreclosure trustees must perform their duties in good faith and owe that duty to the borrower and the beneficiary. RCW 61.24.010(4).

### III.     JURISDICTION

3.1     The State files this complaint and institutes these proceedings under the provisions of the Consumer Protection Act, RCW 19.86.

3.2     The Defendant has engaged in the conduct set forth in this complaint in King County and elsewhere in the state of Washington.

### IV.     VENUE

4.1     Venue is proper in King County pursuant to RCW 4.12.020 and 4.12.025, and Court Rule 82 because QLS transacts business in King County, and provides borrowers with an address in King County.

### V.     FACTS

5.1     QLS serves as foreclosure trustee for numerous banks and mortgage loan servicers, and conducts foreclosure sales in counties across the state of Washington, including without limitation in King and Pierce Counties.

5.2     QLS's operations with respect to foreclosures in Washington State are conducted largely in California, with documents sent to Washington to be posted and recorded as required by the Deed of Trust Act.

5.3     QLS previously maintained a street address at 19735 10th Ave. NE, Suite N-200, Poulsbo, WA 98370. *See, e.g.*, **Exhibit 1**.  However, QLS represents to borrowers that

its mailing address is "c/o Quality Loan Service Corp., 2141 Fifth Ave., San Diego, CA 92101."

5.4     On February 13, 2014, Melissa Colletto, a paralegal for attorney Michael D. Bohannon, attempted to visit QLS's Poulsbo office to serve a lawsuit, but found it closed. She was informed by the receptionist of the law office of McCarthy & Holthus, the business next door, that the QLS office at that location had closed down.

5.5     On February 21, 2014, an investigator with the Attorney General's Office visited QLS's former Poulsbo office, and found no evidence that QLS maintained an office at that address.   She entered the law offices of McCarthy & Holthus, but was told by the receptionist that QLS did not have offices there.   The investigator took photos of the exterior of the Poulsbo office, which are attached as **Exhibit 2**.

5.6     QLS has also issued Notices of Trustee's Sale for properties in Washington that listed QLS's street address as 108 First Ave. South, Suite 202, Seattle, WA 98104. *See, e.g.*, **Exhibit 3**.

5.7     On February 14, 2014, a legal assistant for attorney Robert E. Ordal attempted to visit QLS's office at the Seattle address.   She found the building locked, and was unable to enter.

5.8     On February 18, 2014, an investigator employed by the Attorney General's Office went to QLS's listed address at 108 First Ave. South, Seattle, WA, 98104.   She found that the building was locked, and could be accessed only if a tenant allowed a person from the street in.   She took pictures of the building exterior, which are attached hereto as **Exhibit 4**. The building had a call box, which provided an electronic directory of tenants.   The electronic directory listed only two tenants, and QLS was not listed as a tenant.

5.9     Because QLS was not listed as a tenant at 108 First Ave. South, Seattle, WA, 98104 in the electronic directory, a borrower searching for QLS would not have a number to

COMPLAINT FOR INJUNCTIVE AND OTHER                  3
RELIEF – QUALITY LOAN SERVICE CORP.

call QLS from the street to gain access to the building. In addition, a borrower who perused the electronic directory could reasonably reach the conclusion that QLS did not maintain an office in the building.

## VI.   CAUSES OF ACTION

### Count I: Declaratory Relief for Violation of the Deed of Trust Act

6.1     RCW 61.24.030(6) provides that one "requisite to a trustee's sale" is "[t]hat prior to the date of the notice of trustee's sale and continuing thereafter through the date of the trustee's sale, the trustee must maintain a street address in this state where personal service of process may be made, and the trustee must maintain a physical presence and have telephone service at such address."

6.2     Lenders and trustees are required to comply strictly with the Deed of Trust Act. *See, e.g., Albice v. Premier Mortg. Servs., Inc.*, 174 Wn.2d 560, 276 P.3d 1277 (2012).

6.3     The Deed of Trust Act must be construed strictly in favor of borrowers. *Albice*, 174 Wn.2d at 567.

6.4     QLS's office in Poulsbo was closed on or before February 14, 2014, and its purported office at 108 First Ave. South, Suite 202, Seattle, WA 98104 was not open on or before February 14, 2014, or accepting personal service of lawsuits. These were the two street addresses in Washington that QLS listed on its Notices of Trustee's Sale. *See* **Exhibits 1 & 3**. In addition, for the reasons described above, QLS's purported office in Seattle is inaccessible to persons attempting to personally serve QLS with a lawsuit, or to make a payment to cure a default on their loan. QLS therefore failed to maintain a street address in Washington where personal service of process may be made, which has a physical presence by QLS, and telephone service.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

6.5    The State therefore requests that the Court declare that QLS failed to maintain a physical presence in Washington State as required by the Deed of Trust Act, RCW 61.24.030(6), on February 14, 2014, and on other dates to be established.

6.6    The State also requests that the Court declare that QLS's failure to comply with RCW 61.24.030(6) means that any sales conducted by QLS on or after February 14, 2014, pursuant to Notices of Trustee's Sales issued, sent, published, or recorded by QLS before February 14, 2014, were not held in strict compliance with the Deed of Trust Act.

**Count II: Declaratory Relief for Violation of the Consumer Protection Act**

6.7    The Consumer Protection Act prohibits unfair or deceptive acts or practices in trade or commence. RCW 19.86.020.

6.8    An act or practice is deceptive if it has the capacity to deceive a substantial portion of the public. *See Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986). An act or practice may be unfair if it offends public policy, is immoral, unethical, oppressive, or if it causes injury to consumers. *See Klem v. Washington Mutual Bank*, 176 Wn.2d 771, 295 P.3d 1179 (2013); *Magney v. Lincoln Mut. Sav. Bank*, 34 Wn. App. 45, 659 P.2d 547 (1984).

6.9    QLS issued Notices of Trustee's Sales that listed its address as 19735 10th Ave. NE, Suite N-200, Poulsbo, WA 98370. **Exhibit 1**. However, as of at least February 14, 2014, it was impossible for borrowers to access this office to affect personal service or speak with a representative of QLS because it had been closed. Thus, the address that QLS provided to borrowers in the foreclosure process became, at some point on or before February 14, 2014, false, incorrect, and useless to the borrower. Upon information and belief, QLS did not inform borrowers who had received Notices of Trustee's Sale bearing this address that its office there had closed.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

6.10     QLS issued Notices of Trustee's Sales that listed its address as 108 First Ave. South, Suite 202, Seattle, WA 98104.  However, as of February 14, 2014, through at least February 21, 2014, it was impossible for borrowers to access QLS's office to affect personal service, to speak with a representative of QLS, or to make a payment to cure a default because (a) the building's exterior doors were locked during normal business hours, (b) QLS was not listed in the building's electronic tenant directory, and (c) no telephone number for QLS's purported office was posted at the building to gain access.  As a result, there was no reasonably accessible way for a borrower to contact QLS at its purported office and physical presence in that building from the street in order to get "buzzed" into the building.  Thus, the address that QLS provided to borrowers in the foreclosure process was false, incorrect, and useless to the borrower.

6.11     On February 14, 2014, QLS explicitly refused to accept service of process for a lawsuit – a summons and verified complaint – filed by a borrower at 108 First Ave. South, Suite 202, Seattle, WA 98104.  Upon information and belief, it was QLS's policy to refuse to accept service of process for borrower lawsuits at that location.

6.12     These misleading representations in QLS's Notices of Trustee's Sale had the capacity to deceive a substantial portion of the public, including those Washington consumers whose homes were in the process of being foreclosed by QLS, by falsely indicating that a borrower could personally serve a lawsuit on QLS, or tender payment to halt a trustee's sale, at the listed physical addresses in Poulsbo and/or Seattle, which those addresses could not be used for such purposes.

6.13     These misleading representations in QLS's Notices of Trustee's Sale concerning QLS's physical presence at those street address(es) were unfair or deceptive because they had the capacity to send borrowers and their representatives on a wild goose chase to locate QLS's office to try to stop a foreclosure sale by serving a lawsuit and motion to restrain the sale under RCW 61.24.130.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

6.14    These misleading representations concerning QLS's street address(es) were unfair or deceptive because they had the capacity to send borrowers and their representatives on a wild goose chase to locate QLS's office to try to stop a foreclosure sale by curing the default on their loan. Payments to the trustee to cure a default and stop a trustee's sale "shall be tendered to the trustee in the form of cash, certified check, cashier's check, money order, or funds received by verified electronic transfer, or any combination thereof." RCW 61.24.090(7). Borrowers unable to locate or access QLS's office(s) due to the misleading representations and practices described above would be unable to use four of the five statutorily specified payment methods.

6.15    Even if QLS had an office at 108 First Ave. S, Seattle, WA 98104 at any or all relevant time(s), it was an unfair or deceptive practice for QLS not to list itself as a tenant in the electronic tenant directory outside the building entrance, or provide a number at that location to call its office in order to obtain entry into the building.

6.16    Under Washington law, a foreclosing trustee owes a duty of good faith to the borrower. *See* RCW 61.24.010(4). Lenders and trustees must also comply strictly with the Deed of Trust Act. *See Albice v. Premier Mortg. Servs., Inc.*, 174 Wn.2d 560, 276 P.3d 1277 (2012). The Washington Supreme Court had described the trustee's power to sell a borrower's property – often the family home – as "incredible." *Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 295 P.3d 1179 (2013).

6.17    It is an unfair practice under the Consumer Protection Act, and a breach of the trustee's duty of good faith to the borrower, for a trustee to exercise the "incredible" power to sell a borrower's property when it knows or should know that it has not strictly complied with the Deed of Trust Act.

6.18    It is an unfair practice under the Consumer Protection Act, and a breach of the trustee's duty of good faith to the borrower, for a trustee to exercise the "incredible" power to sell

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

a borrower's property when it has rendered its street address, of which it was statutorily required to inform the borrower in writing, *see* RCW 61.24.040(f), inaccurate or inaccessible.

6.19    QLS at all relevant times knew or should have known that on at least February 14, 2014, its Poulsbo office was closed, and borrowers could not access its purported office in Seattle – the two physical addresses listed on its various Notices of Trustee's Sales.  QLS at all relevant times knew that it refused to accept service of process at its purported Seattle office.

6.20    QLS at all relevant times knew or should have known that on at least February 14 through February 21, 2014, it did not maintain a physical presence and telephone service at a street address in Washington, as required by RCW 61.24.030(6).

6.21    Thus, it is unfair for QLS to conduct a trustee's sale on any property for which the Notice of Trustee's Sale identified its address as the addresses identified above in Poulsbo and/or Seattle.

6.22    It is also unfair for QLS to conduct a trustee's sale on any property for which the Notice of Trustee's Sale was issued on or before February 14, 2014, because RCW 61.24.030(6) requires the trustee to maintain its physical presence at a street address continuously from the date of the Notice of Trustee's Sale to the trustee's sale itself.

6.23    These unfair or deceptive acts occur in trade or commerce, and affect the public interest because QLS issued numerous Notices of Trustee's Sale for properties in King and Pierce Counties during the relevant time period, and upon information, many more in other Washington counties, for which completing the foreclosure process would violate RCW 61.24.030(6), and/or otherwise be unfair or deceptive.

6.24    The State requests that the Court declare the acts and practices described above are unfair or deceptive under RCW 19.86.020, and violate the Consumer Protection Act.

**Count III: Injunctive Relief for Violation of the Consumer Protection Act**

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

6.25    QLS's actions, described above, are unfair or deceptive, in violation of the Consumer Protection Act.

6.26    RCW 19.86.080(1) provides in relevant part that "[t]he attorney general may bring an action in the name of the state, or as parens patriae on behalf of persons residing in the state, against any person to restrain and prevent the doing of any act herein prohibited or declared to be unlawful."

6.27    The State therefore requests that the Court enjoin QLS from engaging in any of the unfair or deceptive acts or practices described above, including without limitation from conducting any trustee's sale that would be in violation of RCW 61.24.030(6), or for which QLS provided the borrower with an address at which person service of process could not be made at any time following issuance of the Notice of Trustee's Sale.

### Count IV: Restitution for Violations of the Consumer Protection Act

6.28    The Washington Deed of Trust Act requires that trustee's sales be conducted on Fridays, unless the Friday is a legal holiday.  RCW 61.24.040(5).

6.29    Upon information and belief, QLS conducted trustee's sales in Washington on February 14, 2014.  These trustee's sales did not strictly comply with the Deed of Trust Act for the reasons explained above.  In addition, these trustee's sales – and QLS's acts and practices leading up to the trustee's sales – were unfair or deceptive, in violation of the Consumer Protection Act, for the reasons explained above.

6.30    Upon information and belief, QLS numerous trustee's sales in Washington on February 21, 2014.  These trustee's sales did not strictly comply with the Deed of Trust Act for the reasons explained above.  These trustee's sales – and QLS's acts and practices leading up to the trustee's sales – were unfair or deceptive, in violation of the Consumer Protection Act, for the reasons explained above.

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

6.31    RCW 19.86.080(2) provides that "[t]he court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any act herein prohibited or declared to be unlawful."

6.32    The State requests that the Court enter such orders as are necessary to make restitution to those borrowers whose properties were unfairly or deceptively foreclosed by QLS on February 14 and 21, in violation of the Deed of Trust Act, RCW 61.24.030(6) and the Consumer Protection Act, RCW 19.86.020. Such orders may include, but are not limited to, injunction(s) prohibiting QLS from executing, delivering, or recording a trustee's deed related to such sales, requiring QLS to rescind such sales pursuant to RCW 61.24.050(2)(a)(i), and monetary restitution to consumers.

### VII.    PRAYER FOR RELIEF

Wherefore, the State prays for the following relief:

7.1    A declaration that QLS's acts described above are in violation of Washington's Deed of Trust Act, RCW 61.24.030(6);

7.2    A declaration that QLS's acts described above are unfair or deceptive acts or practices in trade or commerce, affecting the public interest, and in violation of the Consumer Protection Act, RCW 19.86;

7.3    An injunction preventing Quality or anyone acting in concert with it from conducting a trustee's sale pursuant to any Notice of Trustee's Sale that was issued, mailed, posted, or recorded by QLS or its agents on or before February 14, 2014;

7.4    An award of a civil penalty in the amount of $2,000 for each and every violation of Washington's Consumer Protection Act, pursuant to RCW 19.86.140;

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

7.5     An order necessary to restore to any person an interest any moneys or property, real or person, which may have been acquired by means of an act prohibited by the Consumer Protection Act, pursuant to RCW 19.86.080(2);

7.6     An award of the State's reasonable costs and attorney's fees incurred in this action, pursuant to RCW 19.86.080; and

7.7     Any other award the Court determines is just and equitable.

Dated this 26th day of February, 2014.

ROBERT W. FERGUSON
Attorney General

TODD BOWERS, WSBA #25274
BENJAMIN J. ROESCH, WSBA #39960
Assistant Attorneys General
Attorneys for Plaintiff
State of Washington

COMPLAINT FOR INJUNCTIVE AND OTHER
RELIEF – QUALITY LOAN SERVICE CORP.

11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

Exhibit 1

**Electronically Recorded**
**20140102000834**

SIMPLIFILE            NTS            75.00
Page 001 of   004
01/02/2014 02:12
King County, WA

WHEN RECORDED MAIL TO:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

---

TS No.: WA-12-536661-SH
APN No.: 131082-0260-09
Title Order No.: 7535238
Grantor(s): RAJNI KUMAR, VIJAY KUMAR
Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE
FOR COUNTRYWIDE BANK, FSB
Deed of Trust Instrument/Reference No.: 20071026000857

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.       NOTICE IS HEREBY GIVEN that Quality Loan Service Corp. of Washington, the undersigned Trustee, will on 5/2/2014, at 10:00 AM At the main entrance to the Administration Building, 500 4th Avenue, Seattle, WA 98104 sell at public auction to the highest and best bidder, payable in the form of credit bid or cash bid in the form of cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of KING, State of Washington, to-wit:

LOT 26, CAMBRIDGE POINTE, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 240 OF PLATS, PAGES 40 THROUGH 43, INCLUSIVE, RECORDS OF KING COUNTY, WASHINGTON.

More commonly known as:
30220 112TH PL SE, AUBURN, WA 98092

which is subject to that certain Deed of Trust dated 10/24/2007, recorded 10/26/2007, under 20071026000857 records of KING County, Washington, from VIJAY KUMAR AND RAJNI KUMAR, HUSBAND AND WIFE, as Grantor(s), to FIRST AMERICAN, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR COUNTRYWIDE BANK, FSB, as Beneficiary, the beneficial interest in which was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR COUNTRYWIDE BANK, FSB (or by its successors-in-interest and/or assigns, if any), to Fannie Mae ("Federal National Mortgage Association").

II.      No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust/Mortgage.

III.     The default(s) for which this foreclosure is made is/are as follows:
Failure to pay when due the following amounts which are now in arrears: $51,367.35

IV.     The sum owing on the obligation secured by the Deed of Trust is:  The principal sum of **$383,818.98**, together with interest as provided in the Note from the 3/1/2012, and such other costs and fees as are provided by statute.

V.      The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 5/2/2014. The defaults referred to in Paragraph III must be cured by 4/21/2014 (11 days before the sale date) to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before 4/21/2014 (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the 4/21/2014 (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.     A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

NAME
**VIJAY KUMAR AND RAJNI KUMAR, HUSBAND AND WIFE**
ADDRESS
**30220 112TH PL SE, AUBURN, WA 98092**

by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. These requirements were completed as of 3/5/2013.

VII.    The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.   The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.     Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**NOTICE TO OCCUPANTS OR TENANTS** – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants.  After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW.  For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

**SEEKING ASSISTANCE**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: **1-877-894-HOME (1-877-894-4663)** or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: **1-800-569-4287** or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: **1-800-606-4819** or Web site: http://nwjustice.org/what-clear.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy.  The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

Dated:

DEC 31 2013

Quality Loan Service Corp. of Washington, as Trustee
By: Tricia Moreno, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of
Washington
C/O Quality Loan Service Corp.
2141 Fifth Avenue, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
19735 10th Avenue NE, Suite N-200
Poulsbo, WA 98370
(866) 645-7711

**Sale Line: 714-573-1965**
**Or Login to: http://wa.qualityloan.com**
**TS No.: WA-12-536661-SH**

State of: <u>California</u>)
County of: <u>San Diego</u>)

On DEC 31 2013 before me, _____ Ashley Maxwell _____ a notary public, personally appeared _____ Tricia Moreno _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of <u>California</u> that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Ashley Maxwell

OFFICIAL SEAL
ASHLEY MAXWELL
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1890039
SAN DIEGO COUNTY
MY COMM. EXP. MAY 18, 2014

Unofficial Document

Exhibit 2





Exhibit 3

WHEN RECORDED MAIL TO:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

```
20140207000006
DOCUMENT PROCE NTS        75.00
PAGE-001 OF 004
02/07/2014 09:08
KING COUNTY, WA
```

TS No.: WA-13-564921-TC                    SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 213170-1485-05
Title Order No.: 831953 I
Grantor(s): JODY SHINCKE
Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE
FOR GOLF SAVINGS BANK, A WASHINGTON STOCK SAVINGS BANK
Deed of Trust Instrument/Reference No.: 20070521000725

# NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.      NOTICE IS HEREBY GIVEN that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on 6/6/2014, at 10:00 AM At the main entrance to the Administration Building, 500 4th
Avenue, Seattle, WA 98104 sell at public auction to the highest and best bidder, payable in the form of credit
bid or cash bid in the form of cashier's check or certified checks from federally or State chartered banks, at the
time of sale the following described real property, situated in the County of KING, State of Washington, to-wit:

LOTS 6, 7, AND 8, DUVALL DIVISION NUMBER 3, ACCORDING TO THE PLAT THEREOF
RECORDED IN VOLUME 19 OF PLATS, PAGE 99, IN KING COUNTY, WASHINGTON.

More commonly known as:
26721 NE RICHARDSON ST, DUVALL, WA 98019

which is subject to that certain Deed of Trust dated 5/11/2007, recorded 5/21/2007, under 20070521000725
records of KING County, Washington, from JODY SHINCKE, A SINGLE WOMAN, as Grantor(s), to
PACIFIC NORTHWEST TITLE INSURANCE COMPANY, as Trustee, to secure an obligation in favor of
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") AS NOMINEE FOR
GOLF SAVINGS BANK, A WASHINGTON STOCK SAVINGS BANK, as Beneficiary, the beneficial
interest in which was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
("MERS") AS NOMINEE FOR GOLF SAVINGS BANK, A WASHINGTON STOCK SAVINGS BANK
(or by its successors-in-interest and/or assigns, if any), to Federal National Mortgage Association.

II.     No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

III.    The default(s) for which this foreclosure is made is/are as follows:
Failure to pay when due the following amounts which are now in arrears: $45,479.35

IV.      The sum owing on the obligation secured by the Deed of Trust is:  The principal sum of **$271,722.91**, together with interest as provided in the Note from the 7/1/2011, and such other costs and fees as are provided by statute.

V.      The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on 6/6/2014. The defaults referred to in Paragraph III must be cured by 5/26/2014 (11 days before the sale date) to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before **5/26/2014** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the **5/26/2014** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.      A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

NAME
**JODY SHINCKE, A SINGLE WOMAN**
ADDRESS
**26721 NE RICHARDSON ST, DUVALL, WA 98019**

by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. These requirements were completed as of **9/20/2013**.

VII.      The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.      The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.      Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**NOTICE TO OCCUPANTS OR TENANTS** – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants.  After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW.  For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

      **THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

**SEEKING ASSISTANCE**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: **1-877-894-HOME (1-877-894-4663)** or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: **1-800-569-4287** or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: **1-800-606-4819** or Web site: http://nwjustice.org/what-clear.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy.  The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may
be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

Dated: 2/5/2014

Quality Loan Service Corp. of Washington, as Trustee
By: Michael Dowell, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corp.
2141 Fifth Avenue, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202
Seattle, WA 98104
(866) 925-0241

Sale Line: 714-573-1965
Or Login to: http://wa.qualityloan.com
TS No.: WA-13-564921-TC

State of: __California__)
County of: San Diego )

On 2/5/14 before me, __Christine Marie Bitanga__ a notary public, personally
appeared __MICHAEL DOWELL__, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under _PENALTY OF PERJURY_ under the laws of the State of __California__ that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Christine Marie Bitanga__ (Seal)

CHRISTINE MARIE BITANGA
Commission # 2041697
Notary Public - California
San Diego County
My Comm. Expires Sep 17, 2017

Exhibit 4





