HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANICA ANN NIKOLICH,

Plaintiff,

v.

BANK OF AMERICA, N.A., *et al*.,

Defendants.

CASE NO. C16-5252-RBL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

[Dkt. #32]

THIS MATTER is before the Court on the Defendants' Motion to Dismiss Plaintiff Nikolich's RICO claims against them [Dkt. #32]. The case arises out of a 2005 home loan, evidenced by a promissory note and secured by a deed of trust on Nikolich's home. Nikolich apparently sought to modify her loan in 2010, without success. The home was ultimately sold at a foreclosure sale.

In July, 2016, she sued her lender, its successor, and various other players in the loan and foreclosure. She asserts six RICO (18 U.S.C. §1962(c) claims based on racketeering, wire fraud and conspiracy. All relate to and rely on her claim that the loan was "predatory" and "unsuitable."

Defendants seek dismissal of these claims on the primary basis that they are all barred by RICO's four year limitations period. They also argue that Nikolich has not pled (and cannot plead) facts plausibly supporting her claim that any aspect of her loan violated RICO.

**A. 12(b)(6) Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv*., 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B. RICO Limitations Period.**

As the Defendants correctly articulate, RICO claims are subject to a four year limitations period:

> The statute of limitations to be applied to RICO claims brought in Federal Court is **four** years. *See Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987). Under the "injury discovery" rule, "the civil RICO limitations period 'begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).

[Dkt. #32 at 8]. Defendants argue that each of Nikolich's RICO claims arise from her original, 2005 loan transaction. Their primary, and cleanest, argument for dismissal is that the claims are time-barred as a matter of law, and are subject to dismissal with prejudice and without leave to amend.

Nikolich's 26-page Response does not address this argument. Instead, it claims that she has stated a plausible RICO claim. It includes pages of case citations and lengthy quotes, but does not tie that analysis to the facts of this case. One entire section (five pages) is devoted to *Bryant v Mattel*, 2010 U.S. Dist. LEXIS 13581 (C.D. Cal.), but it remains unclear how the excerpts support Nikolich's claims here—the case involves "standing in a complex intellectual property case," not a residential mortgage. In fact, there are very few references to the facts of this case in the Response.

In any event, Nikolich makes no argument that her claim is timely, and it is apparent from the Motion and the Reply that it is not. Nikolich has not plausibly pled a timely RICO claim, and, given the passage of time since her loan, she could not amend her complaint to do so.

The Motion to Dismiss is GRANTED, and Nikolich's claims against all defendants are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 28th day of October, 2016.

Ronald B. Leighton (as auth/dn)
United States District Judge